**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL J.PISKANIN**, | : | **CIVIL ACTION NO. 1:13-CV-1242** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE OF NEWJERSEY**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 31st day of May, 2013, upon preliminary consideration of

plaintiff's civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 28

U.S.C. §§ 2201-2201 (Doc. 1)[1], in which he seeks to proceed in forma pauperis

(Doc. 4), 28 U.S.C. § 1915, and the court finding that the "three strikes"provision of

the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g),

prohibits him from proceeding in forma pauperis as he has had three prior actions

---

[1]Plaintiff is a state inmate presently incarcerated at the State Correctional
Institution at Benner Township, Bellefonte, Pennsylvania. He is challenging the
validity of detainers lodged against him eight years ago by the states of New York
and New Jersey pursuant to the Interstate Agreement on Detainers Act. (Doc. 1,
at 1.)

or appeals dismissed as frivolous, malicious, or for failing to state a viable claim[2],

and it being evident that there is no indiction that plaintiff "is under imminent

serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule

which provides that an inmate who has three prior actions or appeals dismissed as

frivolous, malicious, or for failing to state a viable claim may not proceed in forma

---

[2]The following recitation was set forth in a report and recommendation of former United States Magistrate Judge Malachy E. Mannion, now United States District Court Judge, and adopted by the undersigned in Piskanin, v. FBI, No. 1:12-0909, 2012 WL 4050181, *1 (M.D. Pa. Aug. 8, 2012):

> Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Specifically, in Piskanin v. Banach, *et al.*, 2008 WL 5246165 (E.D.Pa. 2008), plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008). The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous. Id. at 162. Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 WL 1684651 (E.D.Pa. 2009). The district court dismissed this action as frivolous. Id. On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous. Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009). Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. § 1915(g). Piskanin v. PA Department of Corrections, et al., 2010 WL 3834845 (W.D.Pa. 2010). Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, et al., 2010 WL 4362458 (M.D.Pa. 2010).

pauperis "unless the prisoner is under imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are not sufficient to trigger the exception to section 1915(g)), it is hereby ORDERED that:

1.   Plaintiff's motion to proceed in forma pauperis (Doc. 4) is DENIED.

2.   Plaintiff's motion for a protective order (Doc. 5) is DENIED.

3.   Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

4.   The Clerk of Court is directed to CLOSE this case.

5.   Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).


                                     S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge